# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV18-05532-RGK (GJSx) | Date | June 27, 2018 |
|---|---|---|---|
| Title | ***DANNY BAZAN, et al v. GREYHOUND LINES, INC., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order Remanding Action to State Court

On April 26, 2018, Danny Bazan, et al ("Plaintiffs"), filed suit against former employer Greyhound Lines, Inc., et al ("Defendants"). In their Complaint, Plaintiffs assert state claims for various violations of the California Labor and Government Codes and California Business and Professions Code.

On June 21, 2018, Defendants removed the action to this Court alleging diversity of citizenship. Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

Defendants begin their calculation of the amount in controversy by calculating lost wages of $12,480, based on a $26 hourly rate of compensation. Then, Defendants add to this starting amount by estimating front pay benefits for two years, "substantial sums" for emotional distress, punitive damages that will exceed the jurisdictional minimum, four years of meal and rest period violations and unpaid wages (based on the four year statute of limitations), maximum penalties, and attorney's fees.

As to front pay, meal and rest period violations, and unpaid wages, equally valid assumptions could be made that result in damages that are less than $75,000. Without any evidence supporting Defendants' assumptions, the Court finds Defendants' calculations unpersuasive. *Lowdermilk v. United*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV18-05532-RGK (GJSx) | Date | June 27, 2018 |
|---|---|---|---|
| Title | ***DANNY BAZAN, et al v. GREYHOUND LINES, INC., et al*** | | |

*States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). Moreover, with $12,480 as a starting point, and no supporting evidence regarding emotional distress damages, Defendants do not meet the minimum amount in controversy, as attorneys' fees and punitive damages are speculative.

District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

As to punitive damages, Defendants offer no evidence to support an award five times the calculated back pay.

Accordingly, the Court is not satisfied that Defendants have satisfied their burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer